IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL LAMAR ROLF, SR., ) | |
| ) | |
| Plaintiff, ) | Case No. 10-00043-CV-W-DGK |
| ) | |
| v. ) | |
| ) | |
| MARS , INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court are Defendant Mars, Incorporated's Motion to dismiss and Suggestions in Support. Docs. 15-16. The Court has reviewed this Motion in conjunction with Plaintiff Michael Rolf's "Motions Not To Dismiss." Docs. 20, 23. For the reasons discussed below, Defendant's Motion is GRANTED.

**Background**

This case is one of several products liability suits Plaintiff has filed against various food manufacturers.[1] Plaintiff alleges that Defendant's products, specifically Twix bars and M&M's, contained "elicit [sic] drugs and foreign elements." Doc. 9. He seeks damages of $1 billion. *Id.* Plaintiff's Complaint contains very little information, but a separate "Notice of Filing" explains his allegations. Plaintiff claims that he purchased several bags of "fun-sized" Twix bars from a Target store in Kansas City, Missouri on November 17, 2009. Doc. 5. Plaintiff also claims that he purchased several bags of plain M&M's from a Kansas City CVS store on October 14 and 19, 2009.[2] *Id.* Plaintiff asserts that these products contained "illegal controlled substances" and/or

---

[1] *Rolf v. Kraft Foods,* 09-00270-CV-W-FJG, *Rolf v. McKee Foods Corporations,* 10-00005-CV-W-DGK, *Rolf v. ConAgra Foods (Libby's),* 10-203-CV-W-GAF, *Rolf v. McKee Foods (Little Debbie),* 10-00323-CV-W-DGK, *Rolf v. The Coca-Cola Company,* 10-00562-CV-W-SWH.
[2] Plaintiff included receipts from these stores as proof of purchase. Doc. 5 at 4-5.

"infectious bodily fluids, waste, possibly HIV, or other infectious fluids."[3] *Id.* Plaintiff claims that he felt "high" after eating these products, describing his "feeling of exstreme [sic] sweats, craving to have some more, a feeling like a need a cigarette, terrible shakes and trembles, this addiction is something beyond words to exsplain [sic]." *Id.* In addition to products liability, Plaintiff asserts that Defendant's conduct constitutes "manufacturing, distribution, trafficking, & sales of illegal controlled substances" and "domestic terrisom [sic]." *Id.*

## Discussion

Defendant seeks to dismiss this case as frivolous under 28 U.S.C. § 1915 and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Section 1915 allows the Court to dismiss an in forma pauperis case "at any time if [it] determines that…the action…is frivolous or malicious…[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if the Court can determine that it "lack an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Contrary to analysis under 12(b)(6) which "does not countenance…dismissal[] based on a judge's disbelief of a complaint's factual allegations," section 1915 grants district judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. The Court "may consult its own records as an aid in determining whether the complaint is frivolous." *Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir. 1975). Upon review of the Court's records, Plaintiff has filed several similar suits against food manufacturers claiming that contaminated foods made him "high." While a contaminated food product could certainly form the basis of a products liability complaint in the abstract, the level of coincidence the Court would have to accept to believe that Plaintiff has purchased contaminated Twix,

---
[3] Plaintiff's filings are in all capital letters, which the Court has modified to sentence case for readability.

M&M's, Honeybuns,[4] Vienna Sausages,[5] Chips Ahoy,[6] and Coca-Cola,[7] all of which made him high, strains credulity. Plaintiff's exorbitant claims of damages—ranging up to and including $1 billion—coupled with his conduct in these cases—such as filing repeated requests for appointed counsel and wholesale failure to participate in discovery—convince the Court that this is exactly the kind of case at which section 1915(e)(2)(B) is aimed. Accordingly, Defendant's Motion to dismiss is GRANTED.

**IT IS SO ORDERED**

Dated: September 2, 2010  /s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE

---

[4] *Rolf v. McKee Foods (Little Debbie),* 10-00005-CV-W-DGK.
[5] *Rolf v. ConAgra Foods (Libby's),* 10-0203-CV-W-GAF.
[6] *Rolf v. Kraft Foods,* 09-00270-CV-W-FJG.
[7] *Rolf v. The Coca-Cola Company,* 10-00562-CV-W-SWH.